IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARRINGTON STURGIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-21-0098 |
| WARDEN OF WCI, et al., | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Carrington Sturgis, a prisoner currently confined at Western Correctional Institution ("WCI"), brings this suit against Defendants Warden of WCI Ronald Weber, Sergeant Clinton Davis, Corrections Officer II Shane Hoover, Corrections Officer II Jennifer Pell, Corizon Health Inc., Assistant Warden Bradley Butler, Dr. Asresahegn Getachew, and Commissioner of Correction.[1] ECF No. 4. The Complaint alleges that Defendants ignored, negligently and with deliberately indifference, Sturgis' need to sleep on the bottom bunk, resulting in physical injury. *Id.*

Dr. Getachew and Corizon Health Inc. (collectively the "Corizon Defendants") have moved to dismiss the Complaint or for summary judgment in their favor, contending that Sturgis has failed to state a claim of negligence against them. ECF No. 18. Defendants Weber, Davis, Hoover, Pell, Butler, and Commissioner of Correction (collectively the "Correctional Defendants") filed a similar motion, contending that the claims against them must be dismissed for failure to exhaust administrative remedies. ECF No. 20. The Court specifically notified Sturgis

---

[1] The Clerk shall amend the docket to reflect Defendants' full and correct names.

of his right to respond to the motions, but he has failed to do so. The matter is now ripe and ready for review. For the reasons discussed below, both Motions shall be granted.

**I.     Background**

The Court construes the Complaint facts as true and favorably to Sturgis. The Court also considers relevant exhibits attached to Defendants' memoranda in the light most favorable to Sturgis. On August 23 2019, Sturgis had dislocated his shoulder. ECF No. 4 at 1. That same day, Sturgis received a written order or a bottom bunk assignment for one month. ECF No. 4 at 1; ECF No. 4-1 at 12. Per prison protocol, Sturgis received three copies of a written order for the bottom bunk assignment: one for his personal retention, one to provide to the Traffic Control Officer, and the third for the Tier Officer. ECF No. 20-5 at ¶ 4. Inmates must ensure the copies are given directly to the appropriate officers for the order to take effect. *Id.*

The Complaint avers that Sturgis had informed Sergeant Davis of his need for a bottom bunk and told Davis that he had submitted the proper paperwork. ECF No. 4 at 2. Davis responded, "Well if you have it we have it," and did nothing further to help Sturgis secure the bottom bunk. *Id.* The Complaint also maintains that Officer Hoover, when informed of Sturgis' need for a bottom bunk, responded "We'll see." ECF No. 4 at 2; ECF No. 20-4 at 3. The Complaint lastly alleges that Officer Pell, assigned to Sturgis' housing until, refused to help Sturgis with obtain a bottom bunk. ECF No. 4 at 2. No facts support that Sturgis provided the order for a bottom bunk as he was supposed to do.

Two days later, Sturgis fell trying to climb onto the top bunk and reinjured his shoulder. ECF No. 4-1 at 6. Thereafter Sturgis received a second bottom bunk assignment for which he submitted the paperwork. *See* ECF 20-3 at 2; ECF No. 20-4 at 10. Sturgis maintains that Correctional Defendants' refusal to provide a bottom bunk assignment as of August 24 constitutes

deliberate indifference to Sturgis' correctional needs. As to the Corizon Defendants, the Complaint separately avers negligence and gross negligence arising from their failure to ensure Sturgis received timely bottom bunk assignment. ECF No. 4 at 3.

Sturgis pursued an administrative grievance for the Correctional Defendants' failure to assign him a bottom bunk. ECF No. 4-1 at 5-6; ECF No. 20-4 at 1, 3, 14-15. On September 13, 2019, the Warden dismissed the grievance because Sturgis had not submitted the orders to the proper staff until August 27, 2019. ECF No. 20-4 at 9. Sturgis appealed that decision which was upheld. *Id.* at 23-26. Sturgis did not pursue any further relief or file a grievance with the Inmate Grievance Office ("IGO"). ECF No. 20-8 at ¶¶ 3-4.

## II.     Standard of Review

Defendants have moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment to be granted in their favor. Such motions implicate the Court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Sturgis had been forewarned that the Corizon and Correctional Defendants sought summary judgment in their favor, yet he did not respond.  ECF Nos. 18, 20.  *See Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).  Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).  Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Id*. (quoting Fed. R. Civ. P. 56(e)).  A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 249-50.

### III. Analysis

#### a. Correctional Defendants

Correctional Defendants argue that summary judgment is warranted because Sturgis failed to exhaust his administrative remedies. ECF No. 20-2 at 7-9. The Prisoner Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust his available remedies before this Court will near the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 3d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. ____, 136 S. Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856 (*citing Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S. Ct. at 1855. An administrative remedy is not "available" where the prisoner, "through no fault

of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaved*a, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

Inmates housed at an institution operated by the Maryland Department of Public Safety and Correctional Services may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 et seq.; Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal the denial with 30 days to the Commissioner of Correction.

If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. The prisoner must include in the grievance copies of the initial request or administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. A dismissal order constitutes the final decision for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

If a prisoner's failure to exhaust is "apparent from the facts alleged," then dismissal is warranted. *Anderson*, 407 F. 3d at 682. Alternatively, where the Complaint does not clearly determine the issue, the court must examine material outside the pleadings and may treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F. 3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F. Supp. 2d 551, 556 (D. Md. 2003).

Although Sturgis began the administrative grievance process, he failed to complete it. He did not file a grievance with the IGO following the Commissioner of Correction's denial of his appeal. Nor does he provide any basis for this Court's to excuse the failure. Accordingly, the claims against the Correctional Defendants are unexhausted. Summary judgment is granted in their favor.

### b. Corizon Defendants

As to the Corizon Defendants, the Complaint brings solely state common law claims of negligence and gross negligence. ECF No. 4 at 3. Putting to the side whether the Corizon defendants owed Sturgis a duty of care supporting a negligence action, the court declines to exercise supplemental jurisdiction over the claims. *See* 28 U.S.C. § 1367(a). "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, the claims are dismissed without prejudice so that Sturgis may pursue them in state court, if possible.

### IV. Conclusion

The Court grants the Correctional Defendants' motion for failure to exhaust administrative remedies and declines to exercise supplemental jurisdiction over the claims against the Corizon Defendants. A separate Order follows.

12/9/21

Date

/S/

Paula Xinis
United States District Judge